1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

TIFFANY WARREN,

CASE NO. 3:21-cv-05167-TL

12

Plaintiff(s),

ORDER GRANTING UNOPPOSED
MOTION FOR LEAVE TO AMEND

v.

13

THOMAS W. HARKER,

14

Defendant(s).

15
16
17

This matter is before the Court on Plaintiff's unopposed, corrected motion to amend the

18

complaint ("Motion to Amend"). Dkt. No. 19. Having considered the relevant record, the Court

19

hereby GRANTS the Motion to Amend.

20

## I.    BACKGROUND

21

This is an employment discrimination case, arising under Title VII of the Civil Rights

22

Act of 1964 ("Title VII"). Dkt. No. 1, at 6–8 (causes of action in complaint). On June 21, 2021, a

23
24

different court of this District[1] entered a scheduling order, which set a deadline of August 2, 2021 for the amendment of pleadings as well as other deadlines in the case. Dkt. No. 10, at 1. On May 31, 2022, Parties stipulated and moved to extend the remaining deadlines in this case. Dkt. No. 15, at 1. In doing so, Parties previewed that Plaintiff intended to file an uncontested motion to amend the complaint by June 24 to incorporate a related administrative proceeding that was initiated after the current operative complaint was filed. *Id.* at 2. Plaintiff believes such an amendment will create efficiency in the litigation. *Id.*

The Court granted the Parties' motion to extend the case deadlines and permitted Plaintiff to move to amend the complaint by June 24. Dkt. No. 16, at 2. Plaintiff timely moved for leave to amend the complaint, which was unopposed. Dkt. No. 17. At the Court's direction, Plaintiff filed a corrected motion to amend (Dkt. No. 19), which remains unopposed and is now before the Court.

## II.   DISCUSSION

Once a court has entered a scheduling order setting a timetable for amending pleadings, the "good cause" standard of Rule 16(b), rather than the liberal standard of Rule 15(a), of the Federal Rules of Civil Procedure governs a plaintiff's ability to amend her complaint. *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992) (affirming denial of a belated motion to amend); *see also Santillan v. USA Waste of Calif., Inc.*, 853 F.3d 1035, 1048 (9th Cir. 2017) (affirming denial of amendment where request to amend came eight months after the deadline). *Compare* Fed. R. Civ. P. 15(a) ("The court should freely give leave [to amend] when justice so requires.") *with id.* 16(b)(4) ("A schedule may be modified only for good cause . . . ."). Good cause, for the purposes of Rule 16(b), looks to whether a scheduled deadline could not

---

[1] This case was reassigned to this Court on December 13, 2021. Dkt. No. 11.

1    "'reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d

2    at 609 (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment).

3          By the time Plaintiff previewed that she would seek to amend her complaint (Dkt. No.

4    15), not only had a court entered a scheduling order in the case, but almost ten months had

5    passed since the court-ordered deadline for amended pleadings had expired (Dkt. No. 10).

6    Therefore, the Rule 16(b) "good cause" standard applies to the Motion to Amend, and the Court

7    must look to the diligence of Plaintiff in attempting to meet the prior deadline.

8          While Plaintiff's Motion to Amend itself lacks detail or explanation that might provide

9    good cause to amend, Plaintiff previously explained why she seeks to amend her complaint in the

10   Parties' prior joint motion to extend the case deadlines (Dkt. No. 15, at 2). Plaintiff represents

11   that, after filing the current operative complaint, she initiated a new Equal Employment

12   Opportunity Commission ("EEOC") proceeding, which is still ongoing, with no hearing

13   scheduled in the proceeding. *Id.* Plaintiff seeks to add the claims pending before the EEOC to

14   this action, believing that doing so "will be the most efficient way for these claims to be

15   addressed" by the parties and the Court. *Id.* Plaintiff does not explain when the EEOC

16   proceeding was initiated nor why she could not have worked diligently to meet the prior deadline

17   to amend the Complaint.

18         Ordinarily, a plaintiff must wait for a determination by the EEOC before bringing suit

19   under Title VII. *See, e.g.*, *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 n.1 (9th

20   Cir. 2001) ("Title VII requires that a plaintiff obtain a 'right to sue' letter from the EEOC before

21   filing an action."). *But see Adetuyi v. City & Cnty. of S.F.*, 63 F. Supp. 3d 1073, 1082 (N.D. Cal.

22   2014) ("A Title VII complainant may file an action prior to receiving [a] right to sue letter,

23   provided there is not evidence showing that the premature filing precluded the [EEOC] from

24   performing its administrative duties or that the defendant was prejudiced by such filing."

(quoting *Martin v. Cent. States Emblems, Inc.*, 150 F. App'x 852, 855 n.3 (10th Cir. 2005))). A plaintiff may also bring suit when the EEOC has not acted on a charge for 180 days. *See Scott v. Gino Morena Enters., LLC*, 888 F.3d 1101, 1110 (9th Cir. 2018).

Here, the EEOC has yet to reach a conclusion in Plaintiff's new claims, and Plaintiff has not indicated whether it has been over 180 days since filing her new claims before the EEOC or how the addition of the new claims is otherwise timely. As a result, it is difficult to say whether the new claims are even ripe yet. On the other hand, if Plaintiff waits too long to add the new claims, she could risk losing her right to assert them. *See, e.g.*, *Owens*, 244 F.3d at 714–15 (*res judicata* bars Title VII claims even if plaintiffs had not received a "notice to sue" letter from EEOC at time of prior action, because plaintiffs could have sought a stay or tried to add their Title VII claims in prior action). Given these complications in timing the assertion of Plaintiff's proposed new claims, the Court accepts by inference that Plaintiff could not have reasonably added these claims over ten months ago, prior to the deadline for amended pleadings. The Court also notes that Defendant has lodged no objection to Plaintiff's amendment and that, as Plaintiff notes, greater efficiency may be ultimately served by permitting Plaintiff to add the new claims to this action.

Accordingly, the Court finds good cause to grant Plaintiff leave to file her proposed amended complaint. The Court cautions, however, that Parties should consult the relevant law and rules and strive to provide all relevant information to the Court in their motions going forward. *See* Fed. R. Civ. P. 7(b)(1)(B) (motions must "state with particularity the grounds for seeking the order").[2]

---

[2] The Court previously found good cause to permit Plaintiff to *file* the present Motion to Amend. Dkt. No. 16, at 2. The Court now examines whether there is good cause to *grant* Plaintiff's Motion to Amend. The Court recognizes that Plaintiff may have understandably confused the prior ruling as a ruling on the latter.

### III. Conclusion

For the reasons above, Plaintiff's Motion to Amend (Dkt. No. 19) is GRANTED. Plaintiff has **fourteen (14) days** from the date of this Order to file her amended complaint, as previewed as a proposed amended complaint attached to the Motion to Amend (Dkt. No. 19-1).

Defendant has **sixty (60) days** from the date the amended complaint is filed to respond.

Dated this 5th day of July 2022.

Tana Lin
United States District Judge